UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLENE COX SCHNEIDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV1617 TIA |
| ) | |
| BJC HEALTHCARE SYSTEM, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Paul and Marlene Cox Schneider's (the "Schneiders") motion to reopen this action and proposed amended complaint. After careful review, the Court denies the motion to reopen.

The Schneiders were convicted in the United States District Court for the Southern District of Illinois of conspiracy to defraud and defrauding federal agencies. United States v. Schneider, No. 5:89CR50039 GPM (S.D. Ill.). The United States Court of Appeals for the Seventh Circuit affirmed the convictions. United States v. Schneider, 930 F.2d 555 (1991). In 1994, Marlene Cox Schneider's ("Plaintiff") motion to vacate under 28 U.S.C. § 2255 was denied. See Schneider, No. 5:89CR50039 GPM (Order dated July 1, 2011). In the Southern District of Illinois, the Schneiders recently attempted to remove a state criminal action against them to the federal court. Id. The request was denied.

In the motion to reopen, which is signed only by non-party Paul Schneider, the Schneiders request that the Court reopen the case and accept their proposed amended

complaint. In the proposed amended complaint, Plaintiff attempts to bring federal criminal charges and a RICO action against a number of persons or entities that appear to be located in Illinois, such as the City of Alton, Illinois. Plaintiff alleges:

> Defendants have engaged in and continue to be engaged in a long ongoing conspiracy against the Plaintiff, Plaintiff's extended family and many other politically and financially disadvantaged citizens under color of law both in and out of the state and federal civil and civil [*sic*] courts located in the state of Illinois which in fact constitutes judicial, corporate, and public officer corps racketeering.

Plaintiff further alleges that "Defendants" falsified the evidence that supported her federal conviction for fraud.

The motion to reopen and amend should be denied simply because it is not signed by Plaintiff. The Court has already informed Paul Schneider that he may not file papers on Plaintiff's behalf because he is not an attorney.

Although the Federal Rules have a liberal policy towards amendments, "[p]ost-dismissal motions to amend are disfavored," In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1208 (8th Cir. 2010), and amendments should not be granted when they would be frivolous or "futile." See Foman v. Davis, 371 U.S. 178, 182 (1962); Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991). The allegations in the proposed amended complaint are frivolous for a few reasons. First, this is not the proper venue to bring a case involving actions and actors in the State of Illinois. 28 U.S.C. § 1390(a). Second, the Court does not have appellate jurisdiction over state courts. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). Third, the

allegations are wholly conclusory and do not state any facts, which if proved, would entitle Plaintiff to relief.  Fourth, Plaintiff cannot institute a federal criminal action.  <u>Ray v. United States Dept. of Justice</u>, 508 F. Supp. 724, 725 (E.D. Mo. 1981); 28 U.S.C. § 547(1).  And finally, Plaintiff's federal conviction cannot state the basis for a federal money action because the appellate court affirmed the conviction and her § 2255 motion was denied.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to reopen [ECF No. 11] is **DENIED**.

Dated this 20th  day of November, 2013.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE